# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **MICHAEL KROPP,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | CV No.:_____ |
| v. ) | |
| ) | |
| **COMCAST CORPORATION;** ) | |
| **SEDGWICK CLAIMS** ) | |
| **MANAGEMENT SERVICES, INC.,** ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

**COMES NOW** the Plaintiff, Michael Kropp, and files this Complaint for short term disability benefits, per a contractual agreement with Comcast Corporation and Sedgwick Claims Management Services, Inc.  In support of his Complaint, Plaintiff shows this Court the following:

### Jurisdiction and Venue

This court has subject matter jurisdiction pursuant to the Employee Retirement Income Security Act, 29 U.S.C. § 1001, *et seq*., including 29 U.S.C. § 1132(a)(1)(B).  Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b).

## Facts

1) The Plaintiff is a disabled individual who, at all times relevant to this Complaint, was employed as a billing system analyst for Comcast Corporation ("Comcast"), until he became unable to work in July of 2013.

2) At all times relevant to this lawsuit, the Plaintiff was eligible for coverage under a short term disability policy ("the plan") funded by Comcast.

3) The plan is administered by Defendant Sedgwick, a fiduciary holding sole responsibility for making benefit decisions related to the plan.

4) Under the plan, Plaintiff was eligible to receive 100% of his regular pay for weeks 1-6 of disability, 75% of his regular pay for weeks 7-12 of disability, and 60% of his regular pay for weeks 13-26 of disability.

5) The claim decisions regarding Plaintiff's eligibility for STD benefits under the plan were made solely by employees of Sedgwick or by individuals who have been represented in correspondence to Plaintiff as being employees and/or agents of Sedgwick.

6) The short term plan defines "disability" as "the inability to perform your own job."

7) The Plaintiff became unable to perform the duties of his own job, billing system analyst, on or about July 10, 2013 due to the onset of Lewy Body

Dementia. The debilitating effect this disease has had on Plaintiff is well documented in his medical records.

8) On October 1, 2013, the Social Security Administration found the Plaintiff to be completely disabled and eligible for Social Security Disability payments.

9) After filing a claim for short term disability benefits through the plan in July of 2013, Plaintiff was, upon information and belief, originally approved for short term disability benefits for a period of approximately 12 weeks, ending October 20, 2013.

10) Subsequently, Plaintiff was notified on October 28, 2013, that his short term disability benefits would not be extended past October 20, 2013, because Defendant Sedgwick had not received from Plaintiff "requested medical information needed to review [Plaintiff's] claim."

11) Plaintiff timely submitted an appeal of the wrongful denial of benefits to Sedgwick on January 15, 2014, explaining why he could not perform his job and enclosing additional medical evidence related to his claim.

12) As part of his appeal, Plaintiff included medical assessment forms from two different physicians, both of whom indicated that Plaintiff had severe impairments relating to his ability to function in the workplace. Further,

Plaintiff's primary treating physician stated that Plaintiff's condition made him unable to work.

13) Notwithstanding Plaintiff's overwhelming medical evidence, Sedgwick denied Plaintiff's appeal on April 4, 2014.

14) As was made abundantly clear in Plaintiff's letter of appeal, the main medical issue that has caused Plaintiff to be unable to work is a specific type of dementia. In evaluating Plaintiff's appeal, however, Sedgwick did not enlist the assistance of a licensed practicing neurologist. Instead, Sedgwick had Plaintiff's claim reviewed by a pediatric pulmonologist and an individual with only a PhD in psychology. These individuals were clearly not qualified to evaluate the complexities of Plaintiff's condition and its effect on Plaintiff.

15) Despite the fact that Plaintiff's dementia condition was discussed at length in his medical records and letter of appeal, it received only a passive mention in Sedgwick's letter of denial. Sedgwick instead focused its efforts on explaining why two separate conditions, which Plaintiff had never alleged were the basis of his inability to work, did not render him disabled.

16) Further, Sedgwick alleged that the non-physician reviewing Plaintiff's claim had attempted to "complete a peer-to-peer teleconference" with three of Plaintiff's physicians, but did not receive responses to her phone messages.

17) Upon investigation, Plaintiff learned these claims were untrue. Staff from the offices of at least two of the three physicians that were allegedly contacted by the reviewer stated that to the best of their knowledge, no such calls had been made.

18) After filing a claim for long term benefits, through a third party company, Plaintiff learned that the same individual working for Sedgwick, had made a note to Sedgwick that a teleconference had been conducted with two of Plaintiff's physicians, one of whom allegedly stated that he had cleared Plaintiff to return to work, unrestricted in October. Regardless of whether such a statement was actually made (which Plaintiff disputes), this statement is wholly inconsistent with a questionnaire completed by the same physician and sent to Comcast on October18, 2013, stating that Plaintiff had a mental or physical impairment that rendered him unable to work as of October 3, 2013, based on his Comcast job description.

19) In short, Sedgwick has failed to conduct a full and fair review of the Plaintiff's short term disability claim and its decisions have been wrong, unreasonable and without any rational medical basis.

20) The medical records and claim record reflect that Plaintiff has presented all needed documentation to Sedgwick, in accordance with the STD Plan provisions, to establish and maintain a claim for STD benefits.

21) Sedgwick has engaged in an arbitrary and capricious effort to deny the Plaintiff's STD claim.

22) Sedgwick has further acted in an unfair and unreasonable manner by selectively reviewing and ignoring evidence in the claim file in an effort to support denial of STD benefits rather than fairly evaluating the claim as a fiduciary is required to do.

23) Sedgwick has further acted in an unfair and unreasonable manner by failing to abide by the clear terms of the STD plan.

24) Sedgwick has further acted in an unfair and unreasonable manner by utilizing a biased physician and non-physician consultant to review the STD claim and support a denial of such claim, even in the face of overwhelming medical evidence.

25) Plaintiff remains unable to work in any type of occupation, and the denial of his continuing STD benefits placed Plaintiff in a precarious financial position.

26) Plaintiff has exhausted all available administrative remedies.

## Count I:  Failure to Pay Benefits

27) Plaintiff incorporates paragraphs 1-26 of his Complaint as if set out in full.

28) This Count is brought under 29 U.S.C. § 1132(a)(1)(B) and seeks to recover short term disability benefits, damages, and attorney's fees as may be

recoverable under this code provision and any other applicable provision. The Plaintiff seeks to enforce his rights under the plan in question. The plan is an employee benefit plan that appears to be regulated by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq*.

29) As set forth previously, Defendants wrongfully and unreasonably, and in violation of their obligations under ERISA, denied the Plaintiff's claim for long term disability benefits.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff demands judgment against Defendants Comcast and Sedgwick as follows:

    a. For the sum of all past due short term disability benefits;

    b. For an award of attorney's fees and expenses;

    c. Reasonable costs;

    d. For interest on all past due benefits;

    e. For such other further or different relief as may be just and proper under 29 U.S.C. § 1132(a)(1)(B).

## Count Two:  Breach of Fiduciary Duty

30) Plaintiff incorporates paragraphs 1-29 of his Complaint as if set out in full.

31) At all times relevant to this Complaint, Defendant Sedgwick was a fiduciary for Plaintiff's short term disability plan.

Case 5:14-cv-01437-AKK   Document 1   Filed 07/25/14   Page 8 of 9

32) Defendant Sedgwick breached its fiduciary duty to Plaintiff, by and through the misleading statements made by its agents, individuals appointed to evaluate Plaintiff's claim, who represented that attempts had been made to contact Plaintiff's physicians for teleconferences.  Upon information and belief, no such contacts were actually made.  Further, Sedgwick contradicted itself through a statement made in Plaintiff's claim file, but not disclosed to Plaintiff, asserting that in fact a teleconference had been conducted with two of Plaintiff's physicians, one of whom authorized Plaintiff to return to work, unrestricted.

33) As a proximate result of these misrepresentations, Plaintiff was denied the opportunity to have his claim for disability benefits fairly and accurately evaluated.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff demands judgment against Defendants as follows:

    a. For the sum of all past due short term disability benefits;

    b. For an award of attorney's fees and expenses;

    c. Reasonable costs;

    d. For interest on all past due benefits;

    e. For such other further or different relief as may be just and proper under 29 U.S.C. § 1132(a)(1)(B).

Respectfully submitted,

/s/ J. Zach Higgs, Jr. (ASB-8963-G64J)
/s/ Dana Rizor Burton (ASB-1639-O42W)
Attorneys for Plaintiff
HIGGS & EMERSON
405 Franklin Street
Huntsville, AL  35801
(256) 533-3251 (phone)
(256) 533-3265 (fax)
higgs@higgsandemerson.com
dburton@higgsandemerson.com

Copy served upon:

Comcast Corporation
C/O CT Corporation System
2 North Jackson Street
Suite 605
Montgomery, Alabama 36104

Sedgwick Claims Management Services, Inc.
C/O CT Corporation System
2 North Jackson Street
Suite 605
Montgomery, Alabama   36104